**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

**Joanne DeMillo**

**Plaintiff,**

**v.**

**City of Chaska, Minnesota and its Police Officers Michael Duzan, Julie Janke, and John Kehberg, Individually,**

**Defendants.**

**Civil No. 00-2041 (DSD/SRN)**

**O R D E R**

---

Wallace C. Seih, Esq., on behalf of Plaintiff.

Paul D. Reuvers, Esq., on behalf of Defendant.

---

SUSAN RICHARD NELSON, United States Magistrate Judge

The above-entitled matter was heard by Magistrate Judge Nelson on November 1, 2000, on Plaintiff's Motions for a Jury Trial and to Amend the Complaint. Defendant does not oppose Plaintiff's Motion for a Jury Trial; therefore, the motion is moot. The only issue before the Court is Plaintiff's Motion to Amend the Complaint. In large part, Plaintiff seeks to add a claim under the Minnesota Human Rights Act, Minn. Stat. § 363.03, subd. 4, in Count 3 of the Complaint. Plaintiff also seeks to correct some typographical mistakes and clarify other minor issues.

Whether to grant leave to amend is within this court's sound discretion. See Niagara of Wisconsin Paper Corp. v. Paper Industry Union-Management Pension Fund, 800 F.2d 742, 749 (8th Cir. 1986). Rule 15 of the Federal Rules of Civil Procedure states that "leave shall be freely

FILED NOV 06 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD________
DEPUTY CLERK________

given when justice so requires." Fed. R. Civ. P. 15(a). "Although amendment of a complaint should be allowed liberally to ensure that a case is decided on its merits, . . . there is no absolute right to amend." Ferguson v. Cape Girardeau County, 88 F.3d 647, 650-51 (8th Cir. 1996). In considering whether to grant leave to amend the court considers a number of factors. See Bell v. Allstate Life Ins. Co., 160 F.3d 452, 454 (8th Cir. 1998). For example, the court may deny leave to amend if any of the following factors are present: undue delay, bad faith, dilatory motive on the part of the movant, undue prejudice to the opposing party, or futility of the amendment. See Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962).

Defendant opposes Plaintiff's Motion to Amend the Complaint, particularly the addition of a claim under Minn. Stat. § 363.04, subd.4, arguing that the amendment is futile. Defendant asserts that there is no legal or factual basis for the amendment and argues that a claim under Minn. Stat. § 363.04, subd.4, cannot stand because Plaintiff was convicted of one of the three offenses charged. The Court disagrees. Plaintiff is challenging the legality of the arrest, in part, based on racial discrimination under Minn. Stat § 363.04. The facts supporting this claim are as follows: (1) Plaintiff is a black women, (2) the police allegedly ignored Plaintiff's statements and gave credence to the statements of the white individuals, (3) the other people at the scene were all white, and (4) the police allegedly showed no interest in investigating the white people who were smoking crack cocaine and drinking at the scene. (Compl., Doc. No. 1, Ex. A, at pp. 2-3.)

With respect to the addition of a claim under Minn. Stat. § 363.04, subd.4, Plaintiff has stated a colorable basis in law and fact for amending the complaint. Whether Plaintiff was ultimately convicted of an offense does not affect Plaintiff's ability to bring a civil rights action

under Minn. Stat. § 363.04 challenging the basis for the arrest. Additionally, the other amendments will be allowed because they serve to clarify the Complaint.

**THEREFORE, IT IS HEREBY ORDERED** that:

1) Plaintiff's Motion for a Jury Trial [Doc. No. 4-1] is **DENIED AS MOOT**; and

2) Plaintiff's Motion to Amend the Complaint [Doc. No. 7-1] is **GRANTED**.

Dated: November 6, 2000.

Susan Richard Nelson
SUSAN RICHARD NELSON
United States Magistrate Judge