UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 00-2041 (DSD/SRN)

Joanne C. DeMillo,

Plaintiff,

v.

**ORDER**

City of Chaska, Minnesota, and its Police Officers Michael Duzan, Julie Janke, and John Kehrberg, individually,

Defendants.

Wallace C. Sieh, Esq., Route 1 Box 534,128 Riverview Drive, Minneiska, MN 55910, counsel for plaintiff.

Paul D. Reuvers, Esq., Kafi E. Cohn, Esq., Iverson Reuvers, 230 Town Line Plaza, 8585 West 78th Street, Bloomington, MN 55438, counsel for defendants.

This matter is before the court on the defendants' motion for summary judgment. Based on a review of the file, record, and proceedings herein, the court grants defendants' motion.

## BACKGROUND

Plaintiff Joanne DeMillo ("DeMillo") filed this action alleging false arrest and that the City of Chaska and three of its police officers discriminated against her on the basis of race and, therefore, violated 42 U.S.C. § 1983, 42 U.S.C. § 1981, and the Minnesota Human Rights Act ("MHRA"), Minn. Stat. 363.03 Subd. 4.

FILED 8-28-01
RICHARD D. SLETTEN, CLERK
Judgment Ent'd. 8-28-01
Deputy Clerk's Initials

On June 30, 1999, at 10:30 p.m., Chaska Police Officers Michael Duzan ("Duzan"), Julie Janke ("Janke"), and Sergeant Jon Kehrberg ("Kehrberg") were dispatched to 285 Crosstown Boulevard, Chaska, Minnesota, to investigate a disturbance involving a potentially intoxicated driver. (Duzan Dep. at 7.) Chaska dispatch reported that the intoxicated driver entered apartment 286 and identified that driver as Tim DeMillo. (Janke Dep. at 19.) Officers Janke and Duzan arrived at the dispatched location at 10:33 p.m. (Duzan Dep. at 7.) Sergeant Kehrberg arrived eight minutes later. (Kehrberg Dep. at 5.) By the time the officers arrived the disturbance had ceased. (Janke Dep. at 4.)

Officer Duzan and Sergeant Kehrberg testified that Joanne DeMillo appeared intoxicated when they spoke with her. (Trial court transcript of T1-99-4937 at 82,132.) Officer Duzan testified that Joanne DeMillo admitted to him that she had been driving that evening. (Id. at 90; see also implied consent transcript 15.) Officer Duzan observed that when he interviewed them, both DeMillos had bloodshot and watery eyes, slurred speech and a strong odor of alcohol. (Id. at 83.) Because the officers had information that led them to believe that both DeMillos had been operating a motor vehicle while intoxicated, the officers requested that the couple submit to field sobriety tests, and each refused. (Id. at 81.) Joanne DeMillo was charged with violations of Minn. Stat. § 169.121 Subd. 1(a), Minn. Stat. § 609.50, and Minn. Stat. § 169.123 (order

& J. of Judge Jean Davies at 1). DeMillo was found not guilty of the first two violations and guilty of the third. (Id. at 2.) In her complaint, DeMillo asserts that her arrest amounted to false arrest and imprisonment in violation of both the Fourth Amendment to the United States Constitution and Article I of the Minnesota Constitution. DeMillo, who is black, also claims that she is the victim of racial discrimination in violation of 42 U.S.C. § 1981 and Minn. Stat. § 363.03. Subd. 4. The defendants move for summary judgment on DeMillo's claims. For the reasons stated, that motion is granted.

**DISCUSSION**

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." This standard mirrors the standard for a directed verdict under Federal Rule of Civil Procedure 50(a), which is that the trial judge must direct a verdict if, under the governing law, there can be but one reasonable conclusion as to the verdict. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986). Stated in the negative, summary judgment will not lie if the evidence is such that a

reasonable jury could return a verdict for the nonmoving party. Id. at 248. In order for the moving party to prevail, it must demonstrate to the court that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). A fact is material only when its resolution affects the outcome of the case. Anderson, 477 U.S. at 248. On a motion for summary judgment, all evidence and inferences are to be viewed in a light most favorable to the nonmoving party. Id. at 250. The nonmoving party may not rest upon mere denials or allegations in the pleadings, but must set forth specific facts sufficient to raise a genuine issue for trial. Celotex, 477 U.S. at 324. If a plaintiff cannot support each essential element of its claim, summary judgment must be granted because a complete failure of proof regarding an essential element necessarily renders all other facts immaterial. Id. at 322-23. With this standard at hand, the court considers defendants' motion for summary judgment.

**A. The Rooker-Feldman Doctrine Precludes DeMillo's Claims.**

Defendants assert that DeMillo's claims are precluded by the Rooker-Feldman doctrine. Under the Rooker-Feldman doctrine, federal district courts do not have jurisdiction to review challenges to state court decisions. District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923). A federal action is precluded "if the

relief requested in the federal action would effectively reverse the state court decision or void its ruling." Charchenko v. City of Stillwater, 47 F.3d 981, 983 (8th Cir. 1995) (noting that "the only court with jurisdiction to review decisions of state courts is the United States Supreme Court"). In applying the Rooker-Feldman doctrine, a court must determine:

> exactly what the state court held and whether the relief requested by [plaintiff] in his federal action required determining the state court's decision is wrong or would void its ruling. If the relief requested in the federal action requires determining that the state court decision is wrong or would void the state court's ruling, then the issues are inextricably intertwined and the district court has no subject matter jurisdiction to hear the suit.

Id. The Eighth Circuit has explained:

> the federal claim is inextricably intertwined with the state-court judgment if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it. Where federal relief can only be predicated upon a conviction that the state court is wrong, it is difficult to conceive the federal proceeding as, in substance, anything other than a prohibited appeal of the state-court judgment.

Keene Corp. v. Cass, 908 F.2d 293, 297 (8th Cir. 1990) (citing Penzoil Co. v. Texaco, Inc., 481 U.S. 1, 25 (1987) (Marshall, J., concurring).

In the underlying criminal action, the Carver County District Court held that the Chaska police officers had probable cause to arrest DeMillo for violation of Minn. Stat. § 169.121 Subd. 1(a),

and DeMillo was convicted of violating Minn. Stat. § 169.123. (Mem. to Order & J. of Judge Jean Davies at 2-4.) DeMillo asserts that she is not reopening these issues but rather litigating the issue of her warrantless in-home arrest, whether she was illegally seized and whether the police violated Minn. Stat. § 629.31 by arresting her after 10:00 p.m.

The issues raised by DeMillo are premised on the claim that the police improperly arrested DeMillo. Specifically, that the police had no probable cause to detain DeMillo. The Carver County District Court has found that the police had probable cause and acted properly in arresting DeMillo. In order for the Carver County District Court to find the police had probable cause, the court had to first determine that the police were allowed to detain DeMillo while investigating the 911 dispatch. To grant DeMillo relief in this case the trier of fact would have to determine that the state court's ruling, that the police had probable cause to detain DeMillo, was wrong. Under the Rooker-Feldman doctrine, this court is precluded from doing so. Thus, the court grants the defendants' motion for summary judgment.

**B. Collateral Estoppel Prevents DeMillo from Proceeding**

Even if the court accepts DeMillo's argument that the Rooker-Feldman doctrine does not apply to this proceeding, DeMillo's claims are precluded by collateral estoppel. It is well settled that issues decided in state criminal proceedings may estop

subsequent litigation for violations of civil rights under § 1983. Allen v. McCurry, 449 U.S. 90, 104 (1980); Simmons v. O'Brien, 77 F.3d 1093, 1096 (8th Cir. 1996). Under the full faith and credit statute, 28 U.S.C. § 1738, a federal court generally must afford a state court's determination the same preclusive effect that it would receive in the state's own courts. Marrese v. American Academy of Orthopedic Surgeons, 470 U.S. 373, 380 (1985); Teleconnect Co. v. Ensrud, 55 F.3d 357, 361 (8th Cir. 1995). Federal courts look first to the law of the state to "promote comity between state and federal courts that has been recognized as a bulwark of the federal system." Allen, 449 U.S. at 96. Because state law applies, the court must examine Minnesota law and determine what preclusive effect its courts would give to a finding of probable cause in a criminal trial.

The standards for invoking collateral estoppel in Minnesota are set forth in Kaiser v. N. States Power Co., 353 N.W.2d 899, 902 (citations omitted):

> (1) the issue was identical to one in a prior adjudication; (2) there was a final judgment on the merits; (3) the estopped party was a party in privity with a party to the prior adjudication; and (4) the estopped party was given a full and fair opportunity to be heard on the adjudicated issue.

Here, the only element in dispute is the identity of the issues in this action and those adjudicated in DeMillo's state court criminal proceeding.

Minnesota courts have used three tests to determine the required degree of similarity that must exist between the issues in the two proceedings for collateral estoppel to apply. The traditional Minnesota test has been whether the same evidence will sustain both actions. Sunrise Elec., Inc., v. Zachman Homes, 425 N.W.2d 848, 851 (Minn. Ct. App. 1988) (citations omitted). In Johansen v. Prod. Credit Ass'n of Marshall Ivanhoe, 378 N.W.2d 59, 61 (Minn. Ct. App. 1995 ), the Minnesota Court of Appeals applied the test of "whether the primary right and duty and the delict or wrong combined are the same in each action." In Anderson v. Werner Continental, Inc., 363 N.W.2d 332, 335 (Minn. Ct. App. 1985), the court employed a transactional approach that focused on whether the same operative nucleus of facts is alleged in support of both claims. All of these tests, as applied by the Minnesota courts would support the invocation of collateral estoppel.

The final judgment entered by the Carver County District Court explicitly determined that defendants had probable cause to arrest DeMillo for violations of Minn. Stat. § 169.121 Subd. 1(a), Minn. Stat. § 609.50, and Minn. Stat. § 169.123. Furthermore, DeMillo was convicted of the third of these violations. The Eighth Circuit has held that an arrestee's conviction for the underlying offense is a complete defense to a civil rights claim that the arrest was without probable cause. Malady v. Crunk, 902 F.2d 10 (8th Cir. 1990).

The Carter County District Court found probable cause to arrest DeMillo. There has been no showing that DeMillo was denied a full and fair hearing in state court. DeMillo was represented by counsel who specifically raised the issue of probable cause and argued for acquittal based on lack of probable cause to arrest DeMillo. The court finds no basis here to preclude the application of collateral estoppel and concludes that DeMillo's efforts to retry her criminal conviction in this court must be denied.

**C. DeMillo's State Law Claims.**

Since this court lacks jurisdiction to hear DeMillo's claims, and no federal cause of action exists, there is no supplemental jurisdiction for this court to hear DeMillo's claims that are premised upon the Constitution and the laws of the State of Minnesota. See 28 U.S.C. §§ 1367(a) and (c)(3); United Mine Workers v. Gibbs, 383 U.S. 715, 726; Richmond v. Bd. of Regents of the Univ. of Minnesota, 957 F.2d 595, 598-99 (8th Cir. 1992).

**CONCLUSION**

For the reasons stated, **IT IS HEREBY ORDERED** that:

1. Defendants' motion for summary judgment is granted;

2. Counts I and II of the complaint are dismissed with prejudice; and

3. Count III of the complaint is dismissed.

**LET THE JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: August 28, 2001

David S. Doty, Judge
United States District Court

**Please forward this announcement to the recipient of this fax.**

---

# The United States District Court, District of Minnesota announces two new programs!

**Expedited Trials** –The Court will begin offering parties an opportunity to participate in a program called Expedited Trials beginning July 2, 2001. This voluntary program offers an alternative to traditional case processing by allowing for a shorter time period from filing to disposition. Discovery and motion practice will be sharply limited as a means to reduce time and expense. Procedural rules are on the Court's website at www.mnd.uscourts.gov. If you would like additional information about the Expedited Trials Program, contact one of our clerk's offices at the phone numbers listed below.

**Courtroom Technology – Phase II** – In June 2001, the District of Minnesota began upgrading, installing, and enhancing the technology available to counsel in the courtroom. The project will continue through early fall and will ultimately upgrade all Article III Judge courtrooms in St. Paul and Minneapolis. To assist counsel with this transition, the District Court is offering a hands-on class, worth one hour of CLE credit at both courthouses. Classes will be held over the lunch hour. Course registration can be done by visiting www.mnd.uscourts.gov or by calling Kristine at 612-664-5125.

**For additional information on either program please visit our website at www.mnd.uscourts.gov.**

---

700 Federal Building
316 North Robert Street
St. Paul, MN 55101
(651) 848-1100

202 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415
(612) 664-5000

417 U. S. Courthouse
515 West First Street
Duluth, MN 55802
(218) 529-3500

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.

# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

### Prehearing Conference Program

The United States Court of Appeals for the Eighth Circuit has established an early intervention Prehearing Conference Program. The purpose of the program is twofold: (1) to facilitate settlement discussions in civil cases by providing an impartial atmosphere for an open discussion of the case and alternative methods of disposition and (2) to promote the delineation of issues, early resolution of procedural problems, and effective administration of an appeal throughout the appellate process. See 8th Cir. R. 33A.

The program is directed by Mr. John Martin. Mr. Martin screens newly filed appeals based on information furnished by both appellants and appellees in the court's Appeal Information Forms A and B. Contact with counsel is by telephone and in personal conferences held in several cities throughout the Circuit. All communications with Mr. Martin are confidential. Counsel can openly discuss and evaluate the issues and explore alternatives in a non-adversarial setting without fear that the subsequent processing of the appeal or ultimate disposition of the case will be adversely affected by participation in the program.

Participation in the program is voluntary. However, the Court strongly encourages your participation and cooperation. Over the past twenty years, the program has enabled many appellate litigants to achieve mutually satisfactory resolution of certain issues or an overall settlement prior to progressing through all stages of the appellate process. Issue delineation enables counsel to focus only on those issues that need judicial resolution. The program has helped relieve the ever-increasing caseload confronting the Court, and it has also saved litigants and attorneys substantial amounts of time and money.

In order for the program to function effectively certain information <u>must</u> be provided at the initiation of the appeal. *Eighth Circuit Rule 3B directs each civil appellant to: (1) file a completed Appeal Information Form A with the Notice of Appeal at the time the Notice is filed with the District Court clerk and (2) forward a copy of the completed Form A and a copy of Appeal Information Form B to the appellee for completion.* Appellee may complete Form B and send it to the clerk of the Court of Appeals. If you have any questions about the Prehearing Conference Program or the Appeal Information Forms, please contact Mr. Martin at (314)-539-3669.

Forms A and B are available from the District Court clerk and the Court of Appeals clerk and can be found at the Court of Appeals' web site at: www.ca8.uscourts.gov

*June 1, 2000*

Forms/8thcircuitprehearingconf.wpd